## CONTINUATION OF APPLICATION FOR A CRIMINAL COMPLAINT

I, Ethan S. Metras, being duly sworn, state as follows:

### Introduction

1. I am a Detective Trooper with the Michigan State Police (MSP) and have been so employed since July 2019. I am also a member of the Upper Peninsula Substance Enforcement Team (UPSET), a multi-jurisdictional task force comprised of local, state, and federal law enforcement officers, whose primary law enforcement mission is to investigate drug traffickers impacting the Upper Peninsula of Michigan. Before joining UPSET, I was assigned to two posts as a Trooper. In 2023, I was assigned to UPSET, and received Special Deputation as a Task Force Officer (TFO) from the Federal Bureau of Investigation, serving as a member of the Upper Peninsula Safe Trails Task Force. My primary duties on UPSET are to investigate and interdict the illegal manufacturing, trafficking, and possession of controlled substances.

2. As a member of the Michigan Department of State Police, I have the authority to investigate crimes occurring within the State of Michigan. As a Task Force Officer, I have the authority to seek and execute federal process to include search warrants and criminal complaints related to violations of Title 21 of the United States Code.

3. I have attended several schools and numerous classes on drug trafficking. Some of those schools include Clandestine Laboratory Response, Basic Investigator School, Mastering Narcotics Investigations, Open-Source Social Media Investigations, Street Crimes Seminar Training, Desert Snow Interdiction, and the Department of Criminal Investigation Narcotics School. I have investigated numerous cases involving methamphetamine sales and trafficking during my work as a Task Force Officer and State Trooper. Through my experience as a drug-trafficking investigator, I have become familiar with illegal drug terminology, packaging, and trafficking methods, as well as typical user quantities as opposed to distribution quantities of controlled substances, including methamphetamine.

4. I am investigating Ruemondo Juan MURRAY for possession with intent to distribute methamphetamine. I submit that the following paragraphs provide probable cause to believe that on or about May 30, 2024, in Delta County, in the Western District of Michigan, MURRAY violated 21 U.S.C. § 841(a)(1), 841(b)(1)(B) by knowingly and intentionally possessing with intent to distribute 357 grams (approximately 12 ounces) of a mixture or substance containing a detectable amount of methamphetamine.

5. The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents and witnesses, as well as my review of reports and recordings. This affidavit is intended to show merely that there is sufficient probable cause in support of the criminal complaint and arrest warrant and does not set forth all my knowledge about this matter.

## Probable Cause

6. In March and April 2024, UPSET investigators received information from three confidential sources about an individual who was making regular trips from downstate Michigan to supply methamphetamine to a residence in Norway, MI, in Dickinson County, in the Upper Peninsula.[1] Two of the sources identified MURRAY by name and said he was from Detroit. One source said MURRAY made trips with a female driver who remained in the car during deliveries.

7. On May 9, 2024, the 95th District Court authorized a prospective location and historical cell site location information search warrant for a phone number believed to belong to MURRAY (the TARGET NUMBER). MURRAY was on bond following his conviction and sentencing for felon in possession of a firearm out of the Eastern District of Michigan; he was scheduled to self-report to the Bureau of Prisons on June 10, 2024. Investigators obtained the TARGET NUMBER from MURRAY's federal probation officer.

8. UPSET investigators reviewed historical cell site data for the TARGET NUMBER and determined that between the date of April 1, 2024, and May 2, 2024, the TARGET NUMBER made 3 trips to the Dickinson County area from the city of Detroit, Michigan.

9. Additionally, the records reflect that the while TARGET NUMBER became active on April 1, 2024, it was associated with a wireless contract established in January 2024. The search warrant also covered "any phone number, equipment, or account changes associated to" the TARGET NUMBER beginning on March 1, 2024. And the records received reflect that a different phone number or numbers (the PRIOR NUMBER(s))[2] were associated with

---

[1] The confidential sources have a history of illegal drug use and controlled substance offenses, as well as other prior convictions, including, in one case, for retail fraud and writing checks for insufficient funds. Two of the three sources provided information in hopes it would be considered in their open criminal cases.

[2] The phone number field isn't populated for the March records, but the International Mobile Subscriber Identity (IMSI) field is populated and is the same as for the records associated with the TARGET NUMBER after April 1, 2024.

that wireless contract prior to April 1, 2024.  The PRIOR NUMBER(s) made 3 trips from Detroit to the Dickinson County area during March 2024.

10. The 6 trips taken by the PRIOR NUMBER(s) and TARGET NUMBER were, on average, 10 days apart.  The PRIOR NUMBER(s) and TARGET NUMBER usually stayed in the Dickinson County area for less than 48 hours before making a return trip to Detroit.

11. I began monitoring location data for the TARGET NUMBER on May 10, 2024. At that time, the TARGET NUMBER was located in Iron Mountain, MI, in Dickinson County, in the Upper Peninsula. The TARGET NUMBER continued to ping in the general location of Iron Mountain overnight.  On the morning of May 11, 2024, the TARGET NUMBER began moving eastbound on the US-2 highway, then crossed the Mackinac Bridge and continued southbound to Detroit.

12. On May 30, 2024, the TARGET NUMBER began moving northbound up the general area of the I-75 highway.  The TARGET NUMBER continued north to the Mackinac Bridge, where it then started moving westbound down the general area of the US-2 highway.  In an attempt to locate the TARGET NUMBER, I contacted multiple UPSET detectives; detectives from the Kingsford, Iron Mountain, Norway, Dickinson Drug Enforcement Team (KIND); and the Traffic Safety Team (TST).

13. UPSET Det. Jamie Rivett identified a 2020 Honda Civic, bearing Michigan plate EVT9304, in the general area that the TARGET NUMBER was pinging (the SUBJECT VEHICLE).  Det. Rivett positively identified MURRAY in the front passenger seat of the SUBJECT VEHICLE as it traveled westbound on US-2.  Det. Rivett identified MURRAY by comparison to MURRAY's Secretary of State driver's license photographs and social media pictures.  Detectives then maintained surveillance as the SUBJECT VEHICLE continued westbound on US-2 into the city of Rapid River.  The TARGET NUMBER continued to ping around the area where the SUBJECT VEHICLE was traveling.

14. MSP Trooper Vargo conducted a traffic stop on the SUBJECT VEHICLE in the city of Rapid River, in Delta County, for exceeding the posted speed limit.  The SUBJECT VEHICLE was being driven by a female, C.C.  The passenger of the SUBJECT VEHICLE identified himself as Ruemondo Juan MURRAY.

15. During Trooper Vargo's traffic stop, Escanaba Public Safety Officer (PSO) Austin Young utilized his K-9 to conduct an exterior sniff of the SUBJECT VEHICLE.  Among other substances, PSO Young's K-9 is certified to detect

methamphetamine.  His K-9 alerted to the odor of narcotics on the SUBJECT VEHICLE.

16. Troopers Varney and Hauff, and PSO Young conducted a search of the SUBJECT VEHICLE.  In a black purse on the rear seat, they found C.C.'s passport, one suspected Adderall pill, and two suspected oxycodone pills.  They also located a white grocery bag that was concealed between the driver-side headlight assembly and the wheel well, inside the engine compartment.  Inside the white bag was a black bag, and inside the black bag was a clear plastic bag containing a large mass of a clear crystal substance suspected to be methamphetamine.  The approximate weight of the substance was 357 grams (around 12 ounces).

17. A TruNarc test of the crystal substance conducted by Trooper Hauff was positive for methamphetamine.  The following is a photograph of the crystal substance and the Trunarc test results:



18. Over the course of my law enforcement career, I have learned the difference between typical user quantities and distribution quantities of methamphetamine. In my training and experience, a user quantity of methamphetamine is typically between 0.1 and 0.2 grams. Thus, the approximately 357 grams of methamphetamine would yield between 1,785 and 3,570 doses of methamphetamine. Further, an ounce of methamphetamine if sold by the ounce in the Upper Peninsula can sell for $750 to $1500 per ounce. Thus, if sold by the ounce, the methamphetamine in the SUBJECT VEHICLE had a value of between $9,000 and $18,000. If sold in tenth-of-a-gram quantities (a "point"), methamphetamine can sell for about $20 per point. Thus, if sold by the point, the street value of the methamphetamine in the SUBJECT VEHICLE was likely more than $70,000. Based on my training and experience, both the quantity and value of the methamphetamine recovered from the SUBJECT VEHICLE are consistent with distribution rather than personal use.

19. C.C. admitted possessing Adderall but denied knowledge of the suspected oxycodone and methamphetamine. MURRAY denied knowledge of the methamphetamine. C.C. was arrested for possession of analogues and delivery of methamphetamine and MURRAY was arrested for delivery of methamphetamine. Both were lodged at the Delta County Jail.

## Conclusion

20. Based on the foregoing, I submit there is probable cause to believe that Ruemondo Juan MURRAY possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B). I therefore request that the Court issue the criminal complaint and arrest warrant.